```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

**RICKY L. MORRISON,**

    **Plaintiff,**

**v.**                                     **Civil Action No. 5:04-0890**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

<u>**MEMORANDUM OPINION**</u>

On March 16, 2006, this court entered a Judgment Order in this matter that adopted the Magistrate Judge's Proposed Findings and Recommendation, denied plaintiff's motion for judgment on the pleadings, granted defendant's motion for judgment on the pleadings, affirmed the final decision of the Commissioner, and dismissed this matter from the court's docket.

By Standing Order entered on July 21, 2004, and filed in this case on August 18, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. On February 22, 2006, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation. Plaintiff filed his objections on March 10, 2006. The court has conducted a de novo review of the case.

**A. Procedural Background**

After plaintiff filed suit in this court, he submitted "new evidence" in the form of school records from 1978 and a report signed by two psychologists. (See Doc. No. 12, Ex. A & B.) The school records consist of material from the Fayette County Board of Education showing that plaintiff attended only 15 days of school in the ninth grade. (See id., Ex. A.) The psychological report, signed by Charley W. Bowen, M.A., Supervised Psychologist, and Mareda L. Reynolds, M.A., Licensed Psychologist, states that plaintiff reads and spells at only a first-grade level and performs arithmetic at a second-grade level. (See id., Ex. B.) Further, the reports of a Wechsler Adult Intellingence Scale-III state that plaintiff has a verbal IQ of 72, a performance IQ of 76, and a full-scale IQ of 72. (Id.)

In his proposed findings and recommendation, the magistrate judge found that plaintiff's proffered new evidence failed the Borders standard because the evidence was not "material" in that it provided a basis under which the ALJ might reasonably change his decision. (See Doc. No. 18 at 13) (discussing Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)). In reaching this decision, the magistrate judge relied on the fact that this evidence could not cause plaintiff to qualify for a 12.05C listing of mental retardation. (Id. at 12.) Further, the magistrate judge found that plaintiff also failed to make the

required showing of "good cause" as to plaintiff's school records from 1978 because they would have been available at the time this matter was before the Agency.  (See id. at 14.)

Plaintiff's objections focus on the magistrate judge's use of the Medical-Vocational Guidelines to find this evidence not material under Borders.  (See Doc. No. 19 at 2.)  Plaintiff notes that because he suffers from significant nonexertional limitations, the Commissioner cannot rely on the Guidelines to deny his claim.  (Id. at 3) (citing Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).  Instead, the magistrate must use specific vocational testimony to deny the claim.  See id. (discussing Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Wilson v. Heckler, 743 F.2d 218, 221-22 (4th Cir. 1984)). Plaintiff's argument is that his "new evidence" is material because it supports a limitation that was not included in the ALJ's hypothetical to the vocational expert ("VE"), and that this case should be remanded so that the ALJ can frame a proper question.  (See Doc. No. 19 at 3-4) (relying on Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)).

### B.  Analysis

#### 1.  Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the

conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  Richardson v. Perales, 402 U.S. 389 (1971).

    Sentence six of 42 U.S.C. § 405(g) authorizes reviewing courts to remand cases to the Commissioner upon a showing of new, material evidence for which good cause can be shown for the failure to incorporate such evidence into the record in a prior proceeding.  Id.; see also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).  Sentence six applies specifically to evidence not incorporated into the record by either the administrative law judge ("ALJ") or the Appeals Council.

    In Borders, the Fourth Circuit held that a reviewing court may remand a case to the Commissioner on the basis of newly discovered evidence provided four prerequisites were met. See id.

>    (1)  The evidence must be "relevant to the determination of disability at the time the application was filed and not merely cumulative;"
>
>    (2)  the evidence must be "material to the extent that the Secretary's decision might reasonably have been different had [the new evidence] been before" her;

(3)    "There must be good cause for the claimant's failure to
               submit the evidence when the claim was before the
               Secretary;" and

        (4)    There must be "at least a general showing of the nature
               of the new evidence."

See Brock v. Secretary, 807 F. Supp. 1248, 1250 (S.D. W. Va.

1992) (discussing Borders, 777 F.2d at 955).

## 2. Legal Analysis

In his objections, plaintiff specifically objects to the magistrate judge's recommendation that his motion to remand for consideration of new and material evidence be denied. (See Doc. No. 19 at 1.) Although the court does not affirm the magistrate judge's proposed findings and recommendation in its entirety, the court does adopt the conclusions reached by the magistrate judge. Accordingly, the reasons discussed below, plaintiff's objections are overruled.

The court agrees that the magistrate judge erred when he relied exclusively on the Medical-Vocational Guidelines in denying plaintiff's request to remand under Bowen. The issue is not that simple because plaintiff has more than one impairment. Even accepting that the magistrate judge erred, it is improper to remand this case because, given the totality of the evidence in the record, there is no possibility that plaintiff's new evidence would change the outcome of this case.

Evidence is not material under Borders when there is no

-5-

probability that it would change the outcome of the case.  See Borders, 777 F.2d at 955.  The "new" psychological results could change the Commissioner's decision because the record as it stands contains a wealth of evidence that plaintiff can read and write.  Plaintiff was accompanied when he filed his second application for DIB benefits and the intake worker for the Agency observed that he had no difficulty reading.  (See R. 125.)  At three occasions in the record plaintiff admits to reading the newspaper each day.  (R. 118, 146, 163.)  Additionally, plaintiff has performed work in which he admitted being responsible for activities which a person who was illiterate could not perform including making bank deposits, scheduling, doing paperwork, writing reports, and completing forms.  (See R. 110, 111, 113, 498.)

Given that plaintiff has performed jobs requiring some degree of intellectual capacity in the past, there is no chance that the Commissioner is going to limit plaintiff going forward from performing similar jobs.  The limitations included in the record would be supported by more-than-substantial evidence even given this psychological testing.  Given that this is the case, the new evidence is not "material" as outlined in Bowen.

Additionally, it does not appear possible for plaintiff to show "good cause" necessary to present even the psychological

evidence under Borders because he failed to argue for a "borderline intellectual functioning" limitation before the Agency. Plaintiff never sought a "borderline intellectual functioning" limitation before the ALJ or the Appeals Council. (See Doc. No. 12 at 11.) A party's failure to raise issues initially precludes raising them on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (holding that issues raised for the first time on appeal are generally waived absent exceptional circumstances); Fagg v. Chater, 1997 U.S. App. LEXIS 1749 (4th Cir. 1997) (stating that parties seeking review of Social Security benefits denials cannot raise arguments in the courts that they did not raise before the Agency) (citing Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994)). The court cannot follow Judge Haden's decision in Brock v. Secretary, 807 F. Supp. 1248, 1250 (S.D. W. Va. 1992), as advocated by plaintiff, given this Fourth Circuit subsequent precedent binding upon the court.

The court explicitly rejects plaintiff's argument that having different counsel before the court than before the Agency constitutes such a circumstance because it would entirely gut the presumption of finality that attaches to administrative decision making. (See, e.g., Doc. No. 12 at 11) (stating that plaintiff should be allowed to argue for new limitations here because his current counsel did not represent him before the Agency). Hiring a new attorney does not give a party any right to raise issues

not previously raised.  As it is beyond doubt that, under the Social Security Act, the claimant has the burden of proving disability, even if one looks to the "new evidence" argument in conjunction with plaintiff's argument that the ALJ failed to develop the record, it necessarily fails.  See 42 U.S.C. § 423(d)(5); see also Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).

Plaintiff's remedy for his "new evidence" is to file a new application insofar as he is able.  Insofar as it could possibly change the outcome of the Commissioner, it will do so in a subsequent case.  Because plaintiff cannot show "good cause" or "materiality" as described in Borders, this court cannot remand this case to the Commissioner.  As such, the court OVERRULES plaintiff's objections, and, in an accompanying Judgment Order, accepts the recommendation of the magistrate judge to the extent it is not modified herein.

### C.  Conclusion

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is of good health.  The objective medical record simply fails to document the existence of any condition or combination of conditions which would reasonably be expected to result in total disability for all forms of substantial gainful employment.  It appears the ALJ properly considered all of the objective and subjective evidence

in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for judgment on the pleadings must be granted.

It is SO ORDERED this 16th day of March, 2006.

                                      Enter:

                                      David A. Faber
                                      Chief Judge